**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHAM HUU DUC,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Respondents. | Case No. CV 14-1273 SS<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION** |

**I.**

**INTRODUCTION**

On February 19, 2014, Petitioner Pham Huu Duc, a federal prisoner proceeding <u>pro se</u>, filed a document captioned "Notice of Motion and Motion under [28 U.S.C.] § 2241 for a Habeas Petition to Cancel an Illegal Immigration Detainer that is abrogating the Petitioner's Due Process Constitutional Rights," ("Petition," Dkt. No. 1) and an accompanying memorandum of points and authorities. ("Memo.," Dkt. No. 2). On April 11, Respondents

filed a Motion to Dismiss for Lack of Jurisdiction.[1] ("Motion,"

---

[1] The Petition named (1) the United States of America, (2) Department of Homeland Security Secretary, (3) Immigration and Customs Enforcement Agency at Lompoc, (4) Federal Bureau of Prisons, and (5) Federal Correctional Institution Lompoc as respondents. In habeas actions, the prisoner's "immediate custodian," i.e., the warden of the prison where the petitioner is housed, is generally the proper respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (in section 2241 habeas action challenging physical confinement, "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent"); Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) (section 2241 petitioner properly named as respondent "the warden of the institution where he was imprisoned").

However, as immigration detainees are often housed in "state, local, and even private facilities," some courts have noted that the "immediate custodian" rule makes "little sense" and may not apply because the immediate custodian does not have authority to release the alien. See, e.g., Sanchez-Penunuri v. Longshore, __ F. Supp. 2d __, 2013 WL 6881287 at *4 (D. Colo. Dec. 31, 2013) (discussing Armentero v. I.N.S., 340 F.3d 1058, 1059-60 (9th Cir. 2003) (Armentero I), reh'g granted, opinion withdrawn, 382 F.3d 1153 (9th Cir. 2004), opinion after grant of reh'g, 412 F.3d 1088 (9th Cir. 2005) (Armentero II)). The Ninth Circuit in Armentero I concluded that the proper respondents in immigration cases are the Attorney General and the DHS Secretary. Armentero I, 340 F.3d at 1073. However, Armentero I, the only Ninth Circuit decision addressing this issue, has been withdrawn and is not citable. See Armentero II, 412 F.3d at 1089 (J. Berzon, dissenting) (disagreeing with decision to dispose of case on rehearing on "fugitive disentitlement" rule instead of addressing who the proper respondent is for immigration habeas cases).

Although Richard B. Ives, the Lompoc Warden, was Petitioner's "immediate custodian" when he filed his Petition, (see Motion at 3 n.1), it is unnecessary for this Court to determine who is the proper respondent or to make a substitution because Respondents have waived any personal jurisdiction defense by failing to raise it. Objections to a lack of personal jurisdiction, including the requirement of naming the technically correct custodian, may be waived. See, e.g., Padilla, 542 U.S. at 452 (Kennedy, J., concurring) ("Because the immediate-custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government); Smith v. Idaho, 392 F.3d 350, 355-56, 356 n.4 (9th Cir. 2004) (where the proper respondent in a

Dkt. No. 9). On June 9, 2014, Petitioner filed an Opposition. ("Opp.," Dkt. No. 16). Respondents did not file a Reply.

All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 12 (Petitioner) & 19 (Respondents)). Accordingly, this action is ripe for adjudication. For the reasons stated below, Respondents' Motion is granted and this action is dismissed without prejudice for lack of jurisdiction.

## II.

## FACTUAL BACKGROUND

Petitioner is a citizen of Vietnam who came to the United States in 1975 as an infant and was admitted as a Lawful Permanent Resident. (Memo. at 9 & Exh. A at 2 (Notice to Appear)). On April 16, 2009, Petitioner was convicted of Conspiracy to Possess with Intent to Distribute Methamphetamine. (Id.). Petitioner is currently serving a criminal sentence pursuant to that conviction, with an anticipated release date of June 21, 2019. (Motion, Exh. 1; Memo. at 1).

On July 17, 2009, approximately three months after Petitioner's conviction, Immigration and Customs Enforcement

---

habeas action is an agent of the state, the state may waive the lack of personal jurisdiction on the custodian's behalf). Accordingly, the Court will proceed to the substance of Respondents' Motion.

("ICE")[2] issued an immigration detainer against Petitioner.[3] (Id. at 4). On May 28, 2013, ICE issued a "Notice to Appear," charging Petitioner as removable under 8 U.S.C. §§ 1227(a)(2)(A) & (a)(2)(B)(i).[4] (Id., Exh. A at 2). A final removal order has not yet issued. (See Memo. at 6 (acknowledging that an immigration detainer "is [i]n essence the starting point of the final order of deportation") (emphasis added); Opp. at 2 (arguing that Petitioner is under ICE's jurisdiction "because a final deportation order has been initiated against him with out [sic] due process of law and without a remote chances [sic] that the inmate is going to be deported)).

### III.

### PETITIONER'S CLAIMS AND RESPONDENTS' MOTION TO DISMISS

Petitioner argues that the immigration detainer is unlawful because he is not deportable and the detainer was obtained in violation of due process. (Pet. at 1-2). Petitioner also

---

[2] "ICE is the investigative arm of the Department of Homeland Security ('DHS'). DHS assumed the responsibilities of the former Immigration and Naturalization Service ('INS') in 2002." Galarza v. Szalczyk, 745 F.3d 634, 637 n.2 (3d Cir. 2014).

[3] An immigration detainer notifies a law enforcement agency with custody over an individual that the Department will seek custody of the alien "for the purpose of arresting and removing the alien" upon completion of the alien's criminal sentence. 8 C.F.R. § 287.7. "The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody . . . ." Id..

[4] "DHS usually serves suspected removable aliens with a notice to appear to commence removal proceedings." Hamazaspyan v. Holder, 590 F.3d 744, 745 n.1 (9th Cir. 2009).

4

contends that the detainer violates his constitutional rights to free speech and due process because it precludes him from participating in the Residential Drug Abuse Program ("RDAP"). (Memo. at 5 & 10). Finally, Petitioner argues that his interview with an ICE officer pursuant to the Notice to Appear violated his procedural due process rights because the officer "rushed . . . through the interview" without explaining why the government was not granting Petitioner temporary protected status. (Id. at 9).

Respondents contend that the Court should dismiss this action for three reasons. First, the Court lacks jurisdiction over the Petition because Petitioner is not "in custody" pursuant to the detainer. (Motion at 3). Second, 8 U.S.C. § 1252(g) prohibits courts from reviewing "what is essentially a preemptive challenge to eventual removal proceedings." (Id.). Third, the Petition fails to state a claim under Rule 12(b)(6) because Petitioner does not explain how his immigration detainer precludes him from participating in RDAP. (Id. at 4).

## IV.
## DISCUSSION

**A. The Court Lacks Jurisdiction To Hear Petitioner's Habeas Claims Because Petitioner Is Not "In Custody" Pursuant To The Detainer**

"Section 2241 embodies the traditional writ of habeas corpus, permitting an individual to challenge the legality of his

custody . . . ." Woods v. Carey, 525 F.3d 886, 889 (9th Cir. 2008). As the Supreme Court has explained,

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "<u>in custody</u> in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" <u>under the conviction or sentence under attack</u> at the time his petition is filed.

Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (emphasis added). The "in custody" requirement is jurisdictional. Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009) ("The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).") (citing Hensley v. Mun. Court, 411 U.S. 345, 351 (1973)).

In this action, Petitioner claims that DHS has "custody" over him based on its issuance of an immigration detainer. (See Memo. at 7 (arguing that ICE "gains immediate technical custody" over an alien once a detainer issues); id. at 8 (contending that "the immigration detainer has placed [Petitioner] under ICE

jurisdiction")). However, Petitioner is "in custody" pursuant to his criminal conviction, not the immigration detainer.

As noted above, an immigration detainer is merely a request to a law enforcement agency or prison to notify DHS before it releases an alien upon completion of his criminal sentence so that DHS may take custody of the alien for removal proceedings. 8 C.F.R. § 287.7; see also Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) ("A detainer usually serves only as a notice to federal prison authorities that the INS is going to be making a decision about the deportability of the alien in the future."). Accordingly, as the Ninth Circuit has explained, "'the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" Campos v. I.N.S., 62 F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994) (superseded by statute on other grounds, as recognized in Campos)); United States v. Female Juvenile, A.F.S., 377 F.3d 27, 35 (1st Cir. 2004) ("[A]n INS detainer is not, standing alone, an order of custody. Rather, it serves as a request that another law enforcement agency notify the [Immigration and Naturalization Service] before releasing an alien from detention so that the INS may arrange to assume custody over the alien."); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003) (collecting cases, including Campos, and agreeing that absent an order of removal, "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them"). Because Petitioner is not in DHS custody and is not challenging

7

the conviction for which he is currently incarcerated, the Court lacks jurisdiction to hear Petitioner's habeas claims.[5]

**B.  The Court Lacks Jurisdiction To Hear Challenges To The Attorney General's Decision To Initiate Removal Proceedings**

Throughout the Petition, Petitioner attempts to equate an immigration detainer with a final order of removal and improperly relies on cases, statutes and regulations that apply only when a final order of removal has issued. (See, e.g., Memo. at 5 (discussing prohibition on indefinite detention announced in Zadvydas v. Davis, 533 U.S. 678 (2001), when the final order of removal cannot be executed within a reasonable time)). In particular, Petitioner's due process arguments rest largely on DHS's "failure" to follow procedures codified at 8 C.F.R. §§ 241.13-14. (See, e.g., Memo. at 2-4, 8-9, 12-13). However, those regulations apply only to aliens subject to a final order of removal and are therefore not applicable here. Stripped of

---

[5] The Court notes that, in addition to misunderstanding federal law, Petitioner also misquotes it. Petitioner states that "[h]e is the subject of a final order of deportation proceeding because 'an alien is deemed to be 'in custody' when a final order of deportation proceeding has been initiated against him.'" (Memo. at 8) (purporting to quote Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995)). However, the Nakaranurack court did not state that an alien is "in custody" at the initiation of a final order proceeding. Rather, the court explained that whether or not an alien is in physical custody, "so long as he is subject to a final order of deportation, an alien is deemed to be 'in custody' for purposes of the [Immigration and Nationality Act], and therefore may petition a district court for habeas review of that deportation order." Id. (emphasis added). Nakaranurack has no bearing on Petitioner's case because Petitioner is not yet subject to a final removal order.

8

these claims, the Petition is essentially an objection, based on Petitioner's contention that he is not deportable, to DHS's decision to initiate proceedings that may eventually result in Petitioner's removal.[6] As such, the Court lacks jurisdiction because Congress has barred courts from hearing claims challenging the Attorney General's decision to initiate removal proceedings.

8 U.S.C. § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence

---

[6] For example, Petitioner appears to argue that he is eligible for Temporary Protective Status ("TPS") pursuant to 8 C.F.R. § 244.7. (See Memo. at 2-3). Congress created TPS "in recognition of the fact that armed conflicts were ongoing and might erupt in various parts of the world, making it inappropriate to return foreign nationals to these areas." Rodas v. Chertoff, 399 F. Supp. 2d 697, 704 (E.D. Va. 2005). "In essence, TPS permits eligible aliens from designated countries to obtain temporary immigration status and protection from removal because they are unable to return to their homeland." Id. (citing 8 U.S.C. § 1254(a)). However, because "Congress has plainly committed the initial decision to grant or deny TPS to the unreviewable discretion of the Secretary of DHS, there is no jurisdiction in this or any court to review the merits of the Secretary's denial of TPS . . . ." Id. at 705 (citing 8 U.S.C. § 1252(a)(2)(B)). Accordingly, even if DHS decided to deny TPS to Petitioner, this Court would lack jurisdiction to review that decision.

proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added). While section 1252(g) does not preclude federal courts from hearing *any* habeas claim involving immigration matters, it does strip the courts of jurisdiction to hear claims based on the government's decision to commence removal proceedings and its adjudication of removal cases. Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); see also Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 599 (9th Cir. 2002) (court lacks jurisdiction pursuant to section 1252(g) to adjudicate claims based on the Attorney General's decision not only "*whether* to commence, but also *when* to commence, a [removal] proceeding") (emphasis in original). Accordingly, to the extent that the Petition can be construed as a preemptive challenge to DHS's decision to initiate removal proceedings, the Court lacks jurisdiction over its claims.[7]

\\
\\
\\
\\
\\

---

[7] The Court further notes that even if removal proceedings had concluded and Petitioner were subject to a final removal order, review of the final order of removal would proceed before the Ninth Circuit, not this Court. See 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . .").

C. **The Court Lacks Jurisdiction To Hear Petitioner's RDAP Claims Because The BOP's Individualized Housing Decisions Are Exempt From Judicial Review**

Finally, Petitioner argues that the detainer violates his constitutional rights because it allegedly precludes him from participating in RDAP. According to the Ninth Circuit,

> RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. . . . Treatment is conducted in a unit set apart from the general prison population and is followed by institutional and/or community-based transitional programs. Successful completion of RDAP can result in up to a one-year reduction in a prisoner's sentence.

Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011) (internal citations and footnote omitted); cf. Close v. Thomas, 653 F.3d 970, 972-3 (9th Cir. 2011) (district court has jurisdiction for challenge to system-wide RDAP policy for ranking eligible inmates). However, the Court lacks jurisdiction to hear Petitioner's individualized RDAP claim.

Federal inmates do not have a due process liberty interest in their eligibility for rehabilitative programs. See Moody v. Daggett, 429 U.S. 78, 88 (1976); Reeb, 636 F.3d at 1228 n.4 ("[I]nmates do not have a protected liberty interest in either

11

RDAP participation or in the associated discretionary early release benefit."). Instead, Congress has given federal prison officials "full discretion to control . . . prisoner classification and eligibility for rehabilitative programs in the federal system." Moody, 429 U.S. at 88 n.9; see also 18 U.S.C. §§ 3621(b), 4042(a)(1); Reeb, 636 F.3d at 1226. "Determining which prisoners are eligible to participate in RDAP is within the discretion of the BOP, as is the decision to grant or deny eligible prisoners sentence reductions upon successful completion of the program." Reeb, 636 F.3d at 1226 (internal citations omitted); see also Williams-El v. Carlson, 712 F.2d 685, 686 (D.C. Cir. 1983) (per curiam) (as amended) ("[P]rison officials have the discretion reasonably to restrict the privileges of prisoners subject to detainers.").

Under 18 U.S.C. § 3625, Congress explicitly precluded judicial review of the BOP's individualized RDAP determinations. Section 3625 specifically excludes any "determination, decision, or order," including any decisions about an inmate's eligibility for rehabilitative programs, made by the BOP pursuant to 18 U.S.C. §§ 3621-3624 from the provisions of the Administrative Procedure Act, which authorizes federal courts to hear actions involving a "legal wrong" suffered because of an agency action. Reeb, 636 F.3d at 1226-27; see also 18 U.S.C. § 3625; 5 U.S.C. § 702. Petitioner does not explain why he believes that the detainer makes him ineligible for RDAP or show that he has ever applied to participate in the program and been refused. However, to the extent that Petition is challenging the BOP's

1  individualized decision not to allow Petitioner to participate in
2  RDAP, the Court lacks jurisdiction to hear Petitioner's claim.
3
4                                  **v.**
5                              **CONCLUSION**
6
7       For the reasons stated above, IT IS ORDERED that Judgment
8  shall be entered dismissing this action without prejudice for
9  lack of jurisdiction.
10
11 DATED:  August 28, 2014
                                          /S/
12                                _____
                                  SUZANNE H. SEGAL
13                                UNITED STATES MAGISTRATE JUDGE